OPINION
{¶ 1} Defendant-Appellant Melody Johnson appeals from her non-minimum sentence for her escape conviction.
 {¶ 2} In April, 2003 Johnson was sentenced to eighteen months in prison for her convictions for two counts of trafficking in cocaine and one count of possession of cocaine. Upon her release from prison, Johnson was placed on post-release control. In April, 2004 Johnson was arrested for a parole violation for being in possession of drug paraphernalia at a known crack house. At that time she tested positive for both cocaine and marijuana. Johnson was ordered to complete an intensive outpatient program for substance abuse, which she did not complete. Johnson also failed to report to her parole officer for more than seven months and changed her residence without permission. Therefore, Johnson was indicted on one count of escape.
 {¶ 3} Johnson pled guilty as charged in reliance upon the State's promise not to oppose community control with placement in the Monday program and an underlying three-year sentence. The trial court confirmed that Johnson was aware that the agreement was between Johnson and the State and that the court was not bound by that agreement. Moreover, the court ensured that Johnson was aware that regardless of her agreement with the State, she still faced up to five years imprisonment. The court ordered a pre-sentence investigation. After reviewing the pre-sentence investigation report and considering the facts of the crime of which Johnson was convicted, the court ordered her to serve a four-year sentence. Johnson now appeals from that sentence.
 {¶ 4} Johnson's assignment of error:
 {¶ 5} "The trial court erred in imposing a sentence that was excessive and contrary to law."
 {¶ 6} Johnson claims that because there was no victim to her crime, and because the State had agreed to community control sanctions, she should not have been sentenced to four years imprisonment and that her sentence was both excessive and contrary to law. However, she completely ignores that fact that she was well aware at the time of her plea that the trial court was not under any obligation to be held to the sentencing agreement between Johnson and the State.
 {¶ 7} Recently, the Ohio Supreme Court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, ¶ 7 of the syllabus; State v. Mathis,
___ Ohio St.3d ___, 2006-Ohio-855, ¶ 3 of the syllabus. The trial court in this case was well aware of Johnson's lengthy criminal history. She had been to prison a number of times in the past. Despite completing a couple substance abuse programs, Johnson would revert to her pattern of drug abuse. Moreover, Johnson had caused warrants to be issued several times for her failure to comply with court orders. In fact, this case stemmed from Johnson's failure to comply with the terms of her parole. Under the circumstances of this case, we cannot find that the trial court erred in sentencing Johnson to four years in prison for her crimes. That sentence was neither excessive nor contrary to law.
 {¶ 8} Accordingly, Johnson's sole assignment of error is overruled.
 {¶ 9} Having overruled Johnson's assignment of error, the judgment of the trial court is affirmed.
 . . . . . . . . . .
Brogan, J. and Wolff, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).